SAMUEL BARON, APPELLANT, v. LOUIS BARON, RESPONDENT.

Submitted May 12, 1933—Decided July 20, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *George Rothstein.*

For the respondent, *Mark Townsend.*

PER CURIAM.

This case arises out of an automobile accident. The plaintiff was an invited guest in the car of the defendant, who was his brother; and as the car approached a street opening to the right and was within about twenty-five or thirty feet of it going at thirty miles an hour, another car emerged from the street at about the same speed, according to the testimony. The defendant swung his car to the left but was unable to escape the other car, which struck defendant's car and caused the injuries to the plaintiff. Three alleged errors are set up in the specification filed in this cause. The first is that there was error in ordering a nonsuit; the second, that there was

error in directing the jury to render a judgment of nonsuit; and the third, that there was error on refusing to admit in evidence the judgment record in another case brought apparently by the two parties to this case as plaintiffs against the owner and driver of the other car, the purpose being to show thereby that the negligence of the defendant as respects the plaintiff had been adjudicated.

The record of the case in question is not laid before us so we have no way of judging whether or not it was at all relevant to the present controversy or competent evidence therein. Normally, it would bear merely upon the negligence of the third party, and perhaps, upon the contributory negligence of the present defendant in his own suit, which, of course, would not bind a passenger in his car. However, it is unnecessary to pursue the subject for the fundamental reason that where documentary evidence rejected in the court below is not presented to the appellate court, it is impossible to say whether there was error in so rejecting it.

With regard to the specification that there was error in directing the jury at the conclusion of the plaintiff's case to render a judgment of nonsuit, we are confronted with a similar situation. The case, although stenographically reported, shows no instructions whatever to the jury.

We think there was error in directing a nonsuit. As to this, the case certified by the court shows that "at the close of the plaintiff's case, upon motion of the defendant, a nonsuit was granted, to which decision the plaintiff duly excepted."

We think it clear that the evidence, which was, of course, uncontradicted, presented a jury question. The plaintiff's car was proceeding toward the south. It was going at thirty miles an hour when within twenty or twenty-five feet of the intersection of the lane called Isaac's lane, entering from its right. The other car was in plain sight, there being an unobstructed view, and would presumably have the right of way. This, in our judgment, presented ample evidence of want of care on the part of the defendant in approaching the crossing. For this reason the judgment will be reversed, to the end that a new trial be had.